# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| United States of America ) | CR. NO.: 4:97-337 (CMC) |
| ) | |
| v. ) | |
| ) | **OPINION and ORDER** |
| Wayne Keith Barnes, ) | |
| ) | |
| Defendant, ) | |
| _____) | |

Defendant has filed a motion for relief pursuant to 28 U.S.C. § 2255 contending that he is entitled to be resentenced based on the recent Fourth Circuit Court of Appeals case *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2010). The Government responded in opposition to Defendant's motion, moving for summary judgment. An order was entered pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Defendant of the importance of and requirements relating to a response. Defendant has not responded, and the time for doing so has expired.

Defendant is not entitled to relief for a number of reasons. First, this § 2255 motion is untimely. Title 28, United States Code Section 2255(f)(3) provides that a motion for relief under § 2255 must be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made applicable to cases on collateral review . . . ." The Supreme Court case upon which Defendant relies, *Carachuri-Rosendo v. Holder*, __ U.S. __, 130 S. Ct. 2577 (June 14, 2010), was decided June 14, 2010. Therefore, even if *Carachuri-Rosendo* was retroactively applicable to motions for relief under § 2255, Defendant's motion was not filed until October 14, 2011.

Even assuming *Carachuri-Rosendo* is retroactively applicable and equitable tolling applied to make Defendant's motion timely, Defendant would not be entitled to relief on the merits of his

1

claim. A review of material relating to the California conviction in question (Yolo County, California Docket No. 89-11102) shows that Defendant received a two (2) year sentence, consecutive to an undischarged term of imprisonment which Defendant was serving (imposed in San Joaquin County, California (Docket No. 89-45008)). All of this two-year sentence was stayed except eight (8) months. Therefore, Defendant's contention that he only received an eight month sentence and could not have received more is belied by existing California court records.

Accordingly, the court **grants** the Government's motion for summary judgment and Defendant's § 2255 motion is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                                  s/ Cameron McGowan Currie
                                                  CAMERON MCGOWAN CURRIE
                                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 23, 2012